1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL J. MASTERSON,

11              Plaintiff,                    No. CIV S-07-1307 WBS GGH P

12        vs.

13   SILVIA HUERTA-GARCIA, et al.,

14              Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $3.34 will be assessed by this

24   order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to

25   collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

26   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          The court is required to screen complaints brought by prisoners seeking relief

5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9  U.S.C. § 1915A(b)(1),(2).

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16  Cir. 1989); Franklin, 745 F.2d at 1227.

17         A complaint, or portion thereof, should only be dismissed for failure to state a

18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22  a complaint under this standard, the court must accept as true the allegations of the complaint in

23  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26  \\\\\\

1    Plaintiff names several defendants.  However, plaintiff does not discuss how any
2 defendant allegedly violated his constitutional rights.  In order to state a colorable claim for
3 relief, plaintiff must demonstrate how the conditions complained of have resulted in a
4 deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).
5 Also, the complaint must allege in specific terms how each named defendant is involved.  There
6 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
7 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362
8 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
9 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
10 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
11 Cir. 1982).

12    Because plaintiff has failed to link the defendants to any alleged violation of his
13 constitutional rights, the complaint is dismissed with leave to amend.

14    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
15 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
16 amended complaint be complete in itself without reference to any prior pleading.  This is
17 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
18 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
19 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
20 original complaint, each claim and the involvement of each defendant must be sufficiently
21 alleged.

22    In accordance with the above, IT IS HEREBY ORDERED that:

23    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

24    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25 Plaintiff is assessed an initial partial filing fee of $3.34.  All fees shall be collected and paid in
26 accordance with this court's order to the Director of the California Department of Corrections

1    and Rehabilitation filed concurrently herewith.

2              3.  The complaint is dismissed for the reasons discussed above, with leave to file

3    an amended complaint within thirty days from the date of service of this order.  Failure to file an

4    amended complaint will result in a recommendation that the action be dismissed.

5    DATED: 8/1/07

6                                              /s/ Gregory G. Hollows

7                                              _____
                                              GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

8    mas1307.b

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26