**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL J. MASTERSON, | |
| Plaintiff, | Case No. 2:07-cv-01307-KJD-PAL |
| vs. | **ORDER** |
| SILVIA HUERTA-GARCIA, et al., | (Mtn for Subpoenas - Dkt. #42) |
| Defendants. | |

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner, and the court granted him leave to proceed *in forma pauperis. See* Order, Dkt. #4. The court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, found that it failed to state a claim, and allowed Plaintiff leave to amend. Plaintiff filed an Amended Complaint (Dkt. #10), and the court found that service was appropriate on all Defendants. Plaintiff's Amended Complaint (Dkt. #10) alleges that he was retaliated against by prison officials in violation of his First Amendment after filing another complaint pursuant to 42 U.S.C. § 1983, which is currently pending before the court as Case No. 2:05-cv-00192-AK (the "2005 Case").

Plaintiff filed a Motion Requesting the U.S. Marshal's Service Serve Subpoenas Without Cost to Plaintiff (Dkt. #42). Defendant Baker filed an Opposition (Dkt. #43) to which Plaintiff replied (Dkt. #44). The Motion requests that subpoenas *duces tecum* be served to Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); the Warden of the Mule Creek State Prison; and Nola Grannis, Chief of Inmate Appeals Branch. Specifically, Plaintiff requests the following information: (a) from Mr. Cate, a list of the current locations of various inmates with whom Plaintiff wishes to speak; (b) from the Warden at Mule Creek, documents prepared by Mule Creek's Investigative Services Unit that identify Plaintiff, all copies of a log book confiscated from Plaintiff on

1  November 29, 2004; an unedited copy of recordings made of Plaintiff on October 20, 2005 and
2  December 6, 2005; a copy of a recorded conversation (or the transcript thereof) of an interview of
3  Plaintiff and other witnesses taken on June 17, 2005 by Michael Williams; a copy of non-confidential
4  information concerning disciplinary history and housing and work assignment history for several
5  inmates; copies of all staff complaint appeals filed by inmates or parolees, including appeals
6  concerning allegations of sexual misconduct by prison officials; and (c) from Ms. Grannis, all Mule
7  Creek's warden's annual reports to CDCR's Inmate Appeal Branch made between 1999 and 2008.
8  Plaintiff asserts that each of the materials requested by subpoena are specific and contain temporal
9  limitations.  He asserts that each are relevant to instant action and are reasonably calculated to lead to
10 the discovery of admissible evidence.

11     In response, Baker asserts that the Motion (Dkt. #42) should be denied to the extent that
12 Plaintiff seeks information duplicative to information he requested in the 2005 Case.  Defendant
13 Banker asserts Plaintiff already received the October 20, 2005 and December 6, 2005 videotapes in the
14 2005 Case, and he is not entitled to receive them again. Defendant Baker asserts that because Plaintiff's
15 claim for denial of placement on a job waiting list is being litigated in the 2005 Case, Plaintiff is not
16 entitled to receive the inmate work assignment information.  Defendant Baker also asserts that the
17 information concerning Plaintiff's appeal is also being litigated in the 2005 Case, and Plaintiff is not
18 entitled to seek that information in this case.  Baker notes that Plaintiff filed a motion to compel and a
19 motion for subpoenas in the 2005 Case requesting similar and/or identical information being requested
20 here, which were denied.  Baker asserts that Plaintiff should not be permitted to circumvent the court's
21 ruling in the 2005 Case and make identical requests in this case.  Baker asserts that this case and the
22 2005 Case contain identical allegations against him.

23     In reply, Plaintiff asserts that counsel for Defendant Baker attempted to consolidate this case
24 with the 2005 Case, but the request was denied.  Plaintiff argues that the court's ruling in the 2005 Case
25 should not affect this court's decision on discovery matters in this case.

26     As a general matter, Rule 26(b) of the Federal Rules of Civil Procedure was amended in 2000
27 and permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any
28 party."  *Id.*  The stated purpose of the amendment was not only to narrow the scope of discovery, but

2

1 also to address the rising costs and delay of discovery. *See Graham v. Casey's General Stores*, 206
2 F.R.D. 251, 253 (S.D. Ind. 2002); Advisory Committee Notes to 2000 Amendments to Fed.R.Civ.P. 26.
3 A number of courts and commentators have addressed the scope of discovery since the 2000
4 Amendments to Rule 26(b). There seems to be a general consensus that the Amendments to Rule 26(b)
5 "do not dramatically alter the scope of discovery." *World Wrestling Fed'n Entm't, Inc., v. William*
6 *Morris Agency, Inc.*, 204 F.R.D. 263, 365 n.1 (S.D.N.Y. 2001).

7       A number of courts have concluded that the 2000 Amendments to Rule 26(b)(1) "mandate
8 greater scrutiny" of discovery requests. *Surles v. Air France*, 2001 WL 1142231, at *1 n.3 (S.D.N.Y.
9 Sept. 27, 2001) ("it is intended that the scope of discovery be narrower than it was, in some meaningful
10 way"); *Sanyo Laser Prods. Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003) ("the
11 scope of discovery has narrowed somewhat under the revised rule. The change, while meaningful, is
12 not dramatic, and broad discovery remains the norm.") Several courts have concluded although there is
13 no fundamental difference between the current and previous versions of Rule 26(b)(1), the difference
14 can be ascertained by applying the principles in Rule 26(b)(2). As the court noted in *Thompson v.*
15 *Dept. of Hous. and Urban Dev.*,

16 > Lest litigants and the court become consumed with the philosophical
17 > exercise of debating the relevance between discovery relevant to the "claims
> and defenses" as opposed to the "subject matter" of the pending action – the
18 > jurisdictional equivalent to debating the number of angels that can dance on
> the head of a pin – the practical solution to implementing the new Rule
19 > changes may be to focus more on whether the requested discovery makes
> sense in light of the Rule 26(b)(2) factors, than to attempt to divine some
20 > bright line difference between the old and new rule. Under this approach,
> when confronted with a difficult scope of discovery dispute, the parties
21 > themselves should confer, and discuss the Rule 26(b)(2) factors, in an effort
> to reach an acceptable compromise, or narrow the scope of their
> disagreement.

22 199 F.R.D. 168, 172 (D. Md. 2001); *accord Sanyo Laser Products, Inc., v. Arista Records, Inc.*, 214
23 F.R.D. 496, 500 (S.D. Ind. 2003). In deciding whether to restrict discovery under Rule 26(b)(2) "the
24 court should consider the totality of the circumstances, weighing the value of the material sought
25 against the burden of providing it, and taking into account society's interest in furthering the truth-
26 seeking function in the particular case before the court." *Smith v. Steinkamp*, 2002 WL 1364161, at *6
27 (S.D. Ind. May 22, 2002) (*quoting Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir.
28 2002) (internal quotations omitted)); *see also Rowlin v. Alabama Dep't. of Pub. Safety*, 200 F.R.D. 459,

1  461 (M.D. Ala. 2001) ("courts have the duty to pare down overbroad discovery requests under Rule
2  26(b)(2) . . . The court should consider the totality of the circumstances, weighing the value of the
3  material sought against the burden of providing it, discounted by society's interest in furthering the
4  truthseeking function") (*citing Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990)).

The 2005 Case involves Plaintiff's claims that, between 2003 and 2005, while he was housed Mule Creek, (a) he suffered cruel and unusual punishment in violation of his Eighth Amendment rights in the form of sexual harassment; (b) his First Amendment rights were violated when he was retaliated against after complaining about the sexual harassment; and (c) his due process rights under the Fourteenth Amendment were violated by the 2005 Case Defendants' sexual harassment, retaliation, and other punishment. Plaintiff served written discovery in the 2005 Case related to these claims. *See, e.g.,* Case No. 2:05-cv-00192-AK, Dkt. #61 (requesting an extension of time in which to respond to Plaintiff's requests for production of documents, interrogatories, and requests for admissions). The time for discovery has now run in the 2005 Case. *See* Case No. 2:05-cv-00192-AK, Scheduling Order, Dkt. #95.

The information Plaintiff seeks to discover by subpoena *duces tecum* relates to his claims in the 2005 Case and not to the retaliation claim at issue in this case. Plaintiff's retaliation claim in this case asserts that he was transferred from Mule Creek as punishment for filing the 2005 Case. Plaintiff is only permitted to discover information that is relevant to this case and not the 2005 Case. Plaintiff acknowledges that he was denied similar discovery in the 2005 Case, but asserts "[t]he ruling in one pending action has no bearing in another pending action." Motion at 4:8-9. Plaintiff may not circumvent the judge's ruling in the 2005 Case by filing requests for subpoenas requesting similar information in this case. Because the subpoenas request information that is not relevant to this action, Plaintiff's request for subpoenas will be denied.

Accordingly,

/ / /
/ / /
/ / /
/ / /

4

1    **IT IS ORDERED** that Plaintiff's Motion Requesting the U.S. Marshal's Service Serve
2    Subpoenas Without Cost to Plaintiff (Dkt. #42) is DENIED.
3    Dated this 30th day of September, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE