1

2

3

4                          **UNITED STATES DISTRICT COURT**

5                          **EASTERN DISTRICT OF CALIFORNIA**

6

7    DANIEL J. MASTERSON,                    )

8                              Plaintiff,    )          Case No. 2:07-cv-01307-KJD-PAL
                                             )
9    vs.                                     )          **ORDER**
                                             )
10   SILVIA HUERTA-GARCIA, et al.,           )          (Mtn to Compel - Dkt. #45)
                                             )          (Mtn for Ext'n - Dkt. ##47, 48)
11                             Defendants.    )
     _____)

12

13          This matter is before the court on Plaintiff's Motion to Compel Answers to Interrogatories (Dkt.

14   #45); Defendants Campbell's, R. Robinson's, Bunnell's, Pogue's, Machado's, Costa's, Kowalczyk's,

15   D. Robinson's, Clendenin's, and Huerta-Garcia's (the "Non-Baker Defendants") Opposition (Dkt.

16   #52); the Non-Baker Defendants' Supplemental Opposition (Dkt. #52); the Non-Baker Defendants'

17   Errata Re: Supplemental Opposition (Dkt. #54); Defendant Jeffrey Baker's Opposition (Dkt. #46);

18   Plaintiff's Reply to Defendant Baker's Response (Dkt. #49); Plaintiff's Reply to the Non-Baker

19   Defendants (Dkt. #51); and Plaintiff's Reply to the Non-Baker Defendants' Supplemental Opposition

20   (Dkt. #53).  The court has considered the foregoing filings as well as the Non-Baker Defendants' First

21   and Second Motions to Continue Response Date (Dkt. ##47, 48).

22          Plaintiff is proceeding in this action *pro se* and filed this civil rights action pursuant to 42

23   U.S.C. § 1983.  Plaintiff is a prisoner, and the court granted him leave to proceed *in forma pauperis.*

24    *See* Order, Dkt. #4.  The court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, found

25   that it failed to state a claim, and allowed Plaintiff leave to amend.  Plaintiff filed an Amended

26   Complaint (Dkt. #10), and the court found that service was appropriate on all Defendants.  Plaintiff's

27   Amended Complaint (Dkt. #10) alleges that he was retaliated against by prison officials in violation of

28   / / /

1    his First Amendment rights after filing another complaint pursuant to 42 U.S.C. § 1983, which is

2    currently pending before the court as Case No. 2:05-cv-00192-AK (the "2005 Case").

3    Plaintiff asserts that he served Defendants with Interrogatories on September 21, 2008, and

4    Defendants responded on November 11, 2008.  Plaintiff states he propounded a second set of

5    Interrogatories on Defendants on December 2, 2008, and on January 1, 2009, Defendants answered.

6    Plaintiff was dissatisfied with the Defendants' response, and sent a letter dated October 29, 2009, to the

7    Defendants stating which responses he found to be deficient and why.  Plaintiff asserts that many of the

8    Defendants' responses to interrogatories are inadequate and deficient.  Plaintiff asserts that none of the

9    discovery he seeks is privileged.  Plaintiff has corresponded with Defendants, attempting to obtain

10   completed answers to his requests for discovery.  Plaintiff further asserts that the Interrogatories are

11   relevant to the claims and defenses in this action.  Plaintiff asserts that defense counsel has purposely

12   given evasive and incomplete responses with unfounded objections in order to delay litigation and

13   harass the Plaintiff.  He requests sanctions be imposed against Defendants and defense counsel.

14   Plaintiff asserts that although discovery has closed in the 2005 Case, he is still permitted to obtain

15   discovery in this case.

16        **A.    The Non-Baker Defendants' Opposition and Plaintiff's Replies.**

17        In response, the Non-Baker Defendants assert that they have fully responded to Plaintiff's

18   Interrogatories by providing all relevant responsive information they were able to provide, based upon

19   their personal knowledge and information reasonably available to them.  The Non-Baker Defendants

20   assert they are not required to provide information available to them because, as natural people and not

21   entities, Rule 33(b)(1)(A) does not apply to them.  The opposition then goes through, request by

22   request, the responses Plaintiff claimed were deficient in his October 29, 2009, letter and states why the

23   Non-Baker Defendants believe the responses are adequate.  The Non-Baker Defendants' Opposition

24   also attaches an affidavit from each Non-Baker Defendant swearing that he or she has provided all

25   relevant and responsive information he or she was able to provide based upon his or her personal

26   knowledge or information that was reasonably available.

27        Plaintiff's reply asserts that Defendant Clendenin was untruthful in his responses to Plaintiff's

28   Interrogatories.  For example, Plaintiff compared Defendants Clendenin's and Costa's responses to

2

1    Plaintiff's Interrogatories with a declaration Defendant Clendenin submitted in support of his motion

2    for summary judgment in the 2005 Case, and Plaintiff noted inconsistencies.  Specifically, he points to

3    Interrogatory Nos. 1 and 3.  Both Interrogatories requested information concerning an interview

4    Clendenin conducted of Plaintiff in January, 2004.  In response to the Interrogatories, submitted on July

5    8, 2008, and October 30, 2008, respectively, Defendant Clendenin asserted he could not recall any

6    details of the interview.  However, in the declaration submitted in the 2005 Case executed on

7    December 17, 2009, Defendant Clendenin states the purpose and details of that same interview.

8    Plaintiff also asserts that Defendant Costa was untruthful in his responses, which is demonstrated in his

9    responses to Interrogatory Nos. 3 and 11, in which Plaintiff requested information concerning a

10   conversation Costa had with a nurse concerning Plaintiff's transfer.  Costa responded to Interrogatory

11   No. 3 that he recalled having the conversation, but he could not recall the content of it.  In response to

12   Interrogatory No. 11, Costa responds that he cannot recall who contacted him on the same day

13   concerning Plaintiff.  Plaintiff asserts that Defendants Clendenin and Costa were not truthful in their

14   responses to Plaintiff's Interrogatories, and the court should grant his request that sanctions be

15   imposed.

16        In a surreply filed by the Non-Baker Defendants, Defendants Clendenin and Costa assert that

17   they provided truthful responses to Plaintiff's Interrogatories in 2008.  The surreply, which is supported

18   by an affidavit of Defendant Clendenin, contends Clendenin was able to provide a more detailed

19   description of her interview of Plaintiff in January 2004 because defense counsel provided her a memo

20   written by Acting Warden Scott Kernan concerning the interview prior to drafting the declaration in

21   support of summary judgment.  This memo refreshed Defendant Clendenin's memory, and after

22   reviewing it, she provided supplemental responses to Interrogatories Nos. 1 and 3 to Plaintiff.

23   Defendant Costa also asserts his responses to Plaintiff's Interrogatories were truthful, and he asserts his

24   inability to recall whether the nurse contacted him, or he contacted the nurse is understandable because

25   Plaintiff was transferred from Mule Creek State Prison ("MCSP") over five years ago.

26        In response to the Non-Baker Defendants' Supplement, Plaintiff asserts the court should not

27   believe Defendants' Clendenin's and Costa's rationale offered in the Supplement.  Plaintiff also notes

28   / / /

1   that the Supplement incorrectly refers to Defendant Sosa instead of Defendant Costa, an error defense

2   counsel concedes in the Errata (Dkt. #54).

3          **B.    Defendant Baker's Position and Plaintiff's Reply.**

4          Defendant Baker's Opposition  (Dkt. #54) asserts that Plaintiff's Motion to Compel (Dkt. #45)

5   should be denied because Plaintiff has failed to sufficiently state why Baker's responses to Plaintiff's

6   Interrogatories are insufficient.  Although Baker concedes Plaintiff's October 27, 2009, letter outlines

7   which Interrogatories Plaintiff believes are inadequate, Baker asserts Plaintiff's Motion fails to identify

8   the Interrogatories for which he is moving to compel responses.  Baker also asserts that any request for

9   information concerning claims of sexual harassment are irrelevant because Plaintiff has not alleged a

10  claim for sexual harassment in the Amended Complaint.  Baker contends that many of Plaintiff's

11  Interrogatories request information relevant to the 2005 Case, where discovery has closed, and Plaintiff

12  cannot circumvent the Scheduling Order in that case by requesting discovery in this case.  Baker also

13  asserts that Plaintiff propounded more than twenty-five interrogatories without seeking a court order to

14  exceed the limitation imposed by Rule 33 of the Federal Rules of Civil Procedure.  Lastly, Baker

15  asserts that Plaintiff does not have a basis to recover attorney's fees and costs, and that request should

16  be denied.

17         In reply, Plaintiff asserts that Defendant Baker is aware of which Interrogatory responses

18  Plaintiff believes are deficient.  On October 27, 2009, Plaintiff mailed a letter to Defendant Baker

19  attempting to resolve these discovery disputes short of court intervention, and in it, he enumerated the

20  various responses with which he was dissatisfied.  Plaintiff contends the letter also states why Baker's

21  responses are deficient.  Plaintiff asserts that Defendant Baker's Opposition demonstrates his

22  awareness of the responses at issue because it lists the responses Plaintiff contends are insufficient.

23  Plaintiff asserts that Defendant Baker made no reasonable inquiry to respond to Plaintiff's

24  Interrogatories, and he has not served any supplemental responses.  Lastly, Plaintiff asserts he has not

25  requesting attorney's fees; he is requesting costs associated with filing and serving the motion as well

26  as sanctions against defense counsel.

27  / / /

28  / / /

4

**DISCUSSION**

Fed. R. Civ. P. 26(b) was amended in 2000 and permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." The stated purpose of the amendment was not only to narrow the scope of discovery, but also to address the rising costs and delay of discovery. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); Advisory Committee Notes to 2000 Amendments to Fed.R.Civ.P. 26. A number of courts and commentators have addressed the scope of discovery since the 2000 Amendments to Rule 26(b). There seems to be a general consensus that the Amendments to Rule 26(b) "do not dramatically alter the scope of discovery." *World Wrestling Fed'n Entm't, Inc., v. William Morris Agency, Inc.*, 204 F.R.D. 263, 365 n.1 (S.D.N.Y. 2001). Most courts which have addressed the issue find that the Amendments to Rule 26 still contemplate liberal discovery, and that relevancy under Rule 26 is extremely broad. *See, e.g., Saket v. American Airlines, Inc.*, 2003 WL 685385, at *2 (N.D. Ill. Feb. 28, 2003); *Richmond v. UPS Service Parts Logistics*, 2002 WL 745588, at *2 (S.D. Ind. Apr. 25, 2002). *See also Johnson v. Mundy Indus. Contractors, Inc.*, 2002 WL 31464984, at *3 (E.D.N.C. Mar. 15, 2002) (stating that the 2000 Amendments to Rule 26(b)(1) are "basically a semantic change unlikely to have much salutary effect on the conduct of discovery").

However, a number of courts have concluded that the 2000 Amendments to Rule 26(b)(1) "mandate greater scrutiny" of discovery requests. *Surles v. Air France*, 2001 WL 1142231, at *1 n.3 (S.D.N.Y. Sept. 27, 2001) ("it is intended that the scope of discovery be narrower than it was, in some meaningful way"). *Sanyo Laser Prods. Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003) ("the scope of discovery has narrowed somewhat under the revised rule. The change, while meaningful, is not dramatic, and broad discovery remains the norm.") Several courts have concluded although there is no fundamental difference between the current and previous versions of Rule 26(b)(1), the difference can be ascertained by applying the principles in Rule 26(b)(2). As the court noted in *Thompson v. Dept. of Hous. and Urban Dev.*,

> Lest litigants and the court become consumed with the philosophical exercise of debating the relevance between discovery relevant to the "claims and defenses" as opposed to the "subject matter" of the pending action – the jurisdictional equivalent to debating the number of angels that can dance on the head of a pin – the practical solution to implementing the new Rule

changes may be to focus more on whether the requested discovery makes sense in light of the Rule 26(b)(2) factors, than to attempt to divine some bright line difference between the old and new rule. Under this approach, when confronted with a difficult scope of discovery dispute, the parties themselves should confer, and discuss the Rule 26(b)(2) factors, in an effort to reach an acceptable compromise, or narrow the scope of their disagreement.

199 F.R.D. 168, 172 (D. Md. 2001); *accord Sanyo Laser Products, Inc., v. Arista Records, Inc.*, 214 F.R.D. 496, 500 (S.D. Ind. 2003). In deciding whether to restrict discovery under Rule 26(b)(2) "the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Smith v. Steinkamp*, 2002 WL 1364161, at *6 (S.D. Ind. May 22, 2002) (*quoting Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted)); *see also Rowlin v. Alabama Dep't. of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001) ("courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2) . . . The court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truth[-]seeking function") (*citing Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990)).

### A.    Disputed Interrogatory Requests Propounded on Defendant Pogue.

**Interrogatory Nos. 6 and 7** request Defendant Pogue state how many cells other than Plaintiff's he searched on October 15, 2005. Pogue responded he did not recall. Plaintiff asserts Pogue should have reviewed prison logs to find the answer. Pogue asserts the logs are not in his care, custody, or control. The court will not compel further responses given Pogue's representation that he does not have custody or control of the log, and because he has no personal recollection of searches he conducted on October 15, 2005.[1]

**Interrogatory No. 13** requests Defendant Pogue describe the need to author a CDC-128-B confidential chrono regarding Plaintiff. Pogue responded he does not recall authoring such a

---

[1]Plaintiff states Interrogatory No. 7 is at issue; Defendant Pogue states Interrogatory Nos. 6 and 7 are at issue. Both deal with the search conducted on October 15, 2005, and the court will deal with both.

document.  Defense counsel submits that the CDC-1030 confidential information disclosure form is incorrect, and Defendant Clendenin, not Pogue, authored the chrono.  *See* Clendenin Decl'n at ¶ 4, Exh. F. to Non-Baker Defendants' Opp.  The court finds that because Pogue did not author the chrono, no further response is required.

Interrogatory No. 14 requests information concerning how many times Pogue had to submit a confidential chrono concerning an inmate.  Pogue objects that it assumes facts and lacks foundation because it assumes he wrote a chrono concerning Plaintiff.  Plaintiff states that it has nothing to do with Plaintiff.  However, Plaintiff has not shown how a chrono concerning another inmate is relevant to his claims of retaliation, and the court will not direct any further response to this interrogatory.

**B.      Disputed Responses Where Defendants Could Not Recall.**

**1.      Defendant Kowalcsyk.**

Interrogatory Nos. 2 and 3 request: (a) Defendant Kowalcsyk describe his duties during the evening of December 5, 2005, including any interactions he had with Plaintiff; (b) list all of his positions, including locations, hours, and job descriptions held between November 21, 2005 and December 10, 2005.  Kowalcsyk responded he did not recall.  **Interrogatory No. 4** requests Kowalcsyk list all times and dates that he had interactions with Plaintiff.  Kowalcsyk objected that this Interrogatory was overly broad and not relevant or reasonably calculated to lead to relevant evidence.  Kowalcsyk stated that he wrote a CDC-128 informational chrono when he heard Plaintiff threatening to retaliate against staff because he did not have a job.  Kowalcsyk asserts that he has provided all relevant information based upon his personal knowledge or information available to him.  He asserts he was an officer of the Investigative Services Unit and would enter various parts of the institution each day.  He was not assigned to any particular unit, and his duties would vary.  Plaintiff asserts Defendant Kowalcsyk could review his post orders, but Kowalcsyk asserts that no such post order would state his specific duties due to the nature of his position.  He further states has no additional responsive information in his possession, custody, and control.

**2.      Disputed Responses Submitted by Defendant Machado.**

Interrogatory No. 5 requests information concerning the circumstances surrounding the videotaping of Plaintiff on October 20, 2005.  **Interrogatory No. 6** requests information concerning the

videotaping of Plaintiff on December 6, 2005. **Interrogatory No. 8** asks what Defendant Machado did after Nurse Simmons informed him she had contacted Defendant Costa and was informed Plaintiff had security concerns at Salinas Valley State Prison ("SVSP"). **Interrogatory No. 9** asks Machado to describe the circumstances surrounding Plaintiff's transfer on December 6, 2005 from MCSP to SVSP. **Interrogatory No. 10** requests Machado describe Defendant Campbell's involvement in Plaintiff's adverse transfer. **Interrogatory No. 11** asks when and how Machado learned of Plaintiff's safety concerns at SVSP. **Interrogatory No. 13** requests a description of Machado's interview of Plaintiff on September 25. 2005. **Interrogatory No. 14** asks Machado to identify staff members with whom he discussed putting Plaintiff and inmate Houseman in administrative segregation before October 20, 2005. **Interrogatory No. 16** requests Machado identify when and how he was made aware of sexual misconduct allegations against Defendant Baker. Defendant Machado asserts he provided complete answers to these Interrogatories when he stated he did not recall.

### 3.     Disputed Responses Submitted by Defendant Costa.

**Interrogatory No. 3** requested a description of a conversation Costa had with Nurse Simmons on the morning of December 6, 2005. **Interrogatory No. 4** asked whether Nurse Simmons contacted Costa on December 6, 2005 to inquire whether Plaintiff had safety or enemy concerns. **Interrogatory No. 11** requests Costa identify each person who contacted him the morning of December 6, 2005 concerning Plaintiff. Costa responded that he did have a brief conversation concerning Plaintiff's transfer, but he did not recall the content. He could also not recall whether he contacted Nurse Simmons, or Nurse Simmons contacted him. **Interrogatory No. 3 from Set 2** inquired why Plaintiff was adversely transferred if there was no disciplinary action, and there were safety concerns. Costa stated that he could not recall.

### 4.     Disputed Responses from Defendant D. Robinson.

**Interrogatory No. 11** requests a list of each order given to Robinson by a supervisor concerning Plaintiff on December 6, 2005. **Interrogatory No. 13** asked Robinson to describe the circumstances surrounding the use of biohazard suits on December 6, 2005. Defendant Robinson stated she did not recall information concerning either interrogatory.

/ / /

**5.     Disputed Responses from Defendant Clendenin.**

**Interrogatory No. 3** requests a description of circumstances concerning her need to interview Plaintiff on January 15, 2004.  **Interrogatory No. 4** requests how Clendenin came into possession of a personal letter Plaintiff wrote a friend, which triggered a response by Investigative Services Unit. **Interrogatory No. 7** asks Clendenin where the log book confiscated from Plaintiff on November 29, 2004 is located.  Clendenin stated she did not recall any information concerning these Interrogatories. However, as set forth above, Clendenin's recollection was later refreshed in anticipation of summary judgment in the 2005 Case, and she has now supplemented her responses to Interrogatories Nos. 3 and 4.

**6.     Disputed Responses from Defendant Campbell.**

**Interrogatory No. 4** asks Campbell whether she authorized a special transport for Plaintiff from MCSP to SVSP.  Campbell responded that she "probably" authorized the transport. **Interrogatory No. 6** inquires whether Campbell was aware Plaintiff was on a hunger strike between October 20, 2005 and November 23, 2005, and if so, who informed her and when.  **Interrogatory No. 11** asks Campbell to describe the circumstances surrounding any and all litigation involving her and any other Defendant named in this action.  Campbell states she cannot recall any litigation involving allegations of retaliatory transfer by her or any other Defendant.  **Interrogatory No. 12** requests Campbell describe the interaction involving her and Plaintiff on November 23, 2005.  Campbell responds that she does not recall.  **Interrogatory No. 13** asks Campbell to describe the circumstances surrounding the investigations resulting from Plaintiff's complaints or information derived from a log book confiscated from Plaintiff.  Cambell stated that she did not recall.  **Interrogatory No. 15** requests Campbell describe the circumstances surrounding notice given to her by a staff member concerning Paul Blaukas contacting MCSP on behalf of Plaintiff.  Campbell stated she did not recall. **Interrogatory No. 17** asks Campbell to describe when, how, and by whom she was made aware that Plaintiff had enemy concerns at SVSP.  Campbell responded that she was not aware of an enemy concern until after Plaintiff was transferred, and she does not recall how she was informed.

**Interrogatory No. 18** asks Campbell to describe conversations between her and Defendant Huerta-Garcia concerning Plaintiff between January 2003 and present.  Campbell stated she did not

recall.  **Interrogatory No. 19** requests descriptions of conversations between Defendants Campbell and Machado concerning Plaintiff.  Campbell stated she could not recall.  **Interrogatory No. 20** asks Campbell to detail any and all litigation in which she is named as a defendant.  Campbell responded she did not recall any other lawsuits against her that allege a retaliatory transfer.  Campbell asserts that information concerning any other type of lawsuits are irrelevant.  **Interrogatory No. 21** requests Campbell state how many times allegations of staff on inmate sexual misconduct was reported to her while assigned at MCSP.  Campbell stated she did not recall.  **Interrogatory No. 3 from Set 2** asks whether Campbell authorized special transport for Plaintiff from MCSP to SVSP on December 6, 2005.  Campbell stated that she "probably" had.

### 7.    Disputed Responses from Defendant R. Robinson.

**Interrogatory No. 2** asks for a description of the circumstances surrounding the videotaping of Plaintiff October 20, 2005.  Robinson stated he did not recall.  **Interrogatory No. 3** seeks a description of the circumstances surrounding the videotaping of Plaintiff on December 6. 2005.  Robinson stated he did not recall.  **Interrogatory No. 6** asks Robinson to state how many confidential memoranda he authored concerning an inmate and concerning how many other inmates.  Robinson stated he did not recall.  **Interrogatory No. 8** requests a description of the circumstances surrounding his order to separate inmate Houseman and Plaintiff as cellmates while in administrative segregation.  Robinson stated he did not recall.  **Interrogatory No. 11** requests a description of the circumstances surrounding his discussion with C. Lincoln during the first half of October 2004 concerning allegations of sexual misconduct by Defendant Baker.  Robinson stated he did not recall.  **Interrogatory No. 13** asks Robinson to state when he was first aware of allegations of sexual misconduct by Defendant Baker.  Robinson stated he did not recall.  **Interrogatory No. 19** inquires whether Robinson had a conversation on or before October 20, 2005 with Defendant Machado concerning Plaintiff, his placement in administrative segregation, or plans to transfer him from MCSP to another institution.  Robinson stated he did not recall.

/ / /

/ / /

/ / /

1

**8.     Disputed Response from Defendant Bunnell.**

2       **Interrogatory No. 10** requests Bunnell state how information concerning Plaintiff and a

3  pending lawsuit concerning Captain R. Robinson were obtained.  Bunnell responded that he did not

4  recall.

5

**9.     Disputed Responses from Defendant Huerta-Garcia ("Huerta").**

6       **Interrogatory No. 7** requests information concerning whether, before December 6, 2005,

7  Huerta was aware that Plaintiff's first cousin was an attorney and Inspector General for New York.

8  Huerta responded that she was aware of this allegation, but she did not recall when she first learned of

9  it.  **Interrogatory No. 8** asks when Huerta first learned of Plaintiff's litigation against staff members of

10  MCSP and under what circumstances.  Huerta stated she did not recall.  **Interrogatory No. 9** requests

11  Huerta explain why inmate Houseman was returned to Facility A when Plaintiff was transferred.

12  Huerta responded she did not recall.  **Interrogatory No. 13** inquires about the number of letters Huerta

13  has authored addressing staff misconduct.  Huerta responded she did not recall.  **Interrogatory No. 14**

14  asks Huerta to list each time that allegations have been filed against her.  Huerta responded she did not

15  recall.  **Interrogatory No. 15** asks Huerta whether inmate Risley attempted to report that Officer

16  Abshire sexually assaulted him with a state-issued baton.  Huerta responded that she did not recall.

17  **Interrogatory No. 16** inquires whether Huerta was aware, while employed at MCSP, of any

18  allegations that Defendant Baker sexually assaulted an inmate with a state-issued baton.  Huerta stated

19  she did not recall.  **Interrogatory No. 21** asks whether Huerta has ever been named as a Defendant in

20  litigation involving any other Defendant in this case.  Huerta responded she did not recall.

21  **Interrogatory No. 1 from Set 2** inquires whether Huerta, during an interview with Associate Warden

22  Page on August 8, 2006, stated she makes the final decision at I.C.C. hearings.  Huerta stated she

23  "probably" made the statement.

24       Rule 33 of the Federal Rules of Civil Procedure governs interrogatories.  Cases interpreting

25  Rule 33 of the Federal Rules of Civil Procedure in this Circuit have found that responses to

26  interrogatories are not limited to subjects within a responding party's personal knowledge.  A

27  responding party must also respond with information that is readily available to him or her.  *See Mehl*

28  *v. Blana*s, 241 F.R.D. 653, 661 (E.D. Cal. 2007); *Fresenius Medical Care Holding Inc. v. Baxter*

1    *Internat'l, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party

2    has a duty to respond with all information under its custody and control").

3          A responding party is obligated to provide truthful responses to all types of discovery requests,

4    including interrogatories.  *See* Rule 26(g)(1) (noting that by signing discovery responses, "an attorney

5    or party certifies that to the best of the person's knowledge, information, and belief formed after

6    reasonable inquiry, . . . it is complete and correct as of the time it was made").  Furthermore,

7    responding parties are also under a duty to supplement their responses in a timely manner if "the party

8    learns that in some material respect the disclosure or response is incomplete or incorrect."

9    Fed.R.Civ.P. 26(e)(1)(A).

10         Here, the above-referenced responses all include responses of "I don't recall."  Defendants are

11   correct that they are obligated to truthfully respond based upon their personal knowledge and

12   information readily available to them, i.e., in their care, custody, or control.  The court shares Plaintiff's

13   skepticism about the truthfulness of all these responses, especially in light of the "refreshed

14   recollection" declaration of Clendenin which supported a defense motion for summary judgment in the

15   2005 Case.  However, Defendants have all sworn in affidavits that their answers are full and complete,

16   and they are bound by their responses.  They will, therefore, be precluded from offering any testimony

17   or introducing any evidence during pretrial motion practice or at trial concerning the subject matter of

18   any Interrogatory that is not disclosed during discovery.  They will also be precluded from providing

19   declarations, affidavits, or testimony from recollection refreshed from a review of documents they or

20   their counsel have access to or have received in formal or informal discovery.

21         **C.      Other Objections.**

22                **1.      Litigation Involving Defendant Bunnell.**

23         **Interrogatory No. 2** requests a description of the circumstances surrounding the criminal

24   information filed against him on March 18, 1993, including a list of each charge and the investigating

25   agency.  **Interrogatory No. 12 from Set 1 and Interrogatory No. 3 from Set 2** ask Bunnell to list all

26   litigation in which he was a party.  **Interrogatory No. 13 from Set 1 and Interrogatory No. 9 from**

27   **Set 2** request Bunnell to list all civil or criminal charges filed against him.  Bunnell asserts that

28   evidence of this kind is inadmissible as improper character evidence, and because this is a civil matter,

1  no exception to FRE 404 applies.  Without waiving these objections, Bunnell states he has never been

2  convicted of any crime, and he has never been named as a defendant in any other case involving a

3  retaliatory transfer.  Bunnell asserts that information concerning other types of cases is irrelevant.  The

4  court finds these requests are overbroad and not limited as to time, and the court will not order any

5  further response to these Interrogatories.

6            **2.     Disputed Responses of Defendant Baker.**

7         **Interrogatory No. 2** requests information concerning the number of times allegations were

8  filed against Defendant Baker for sexual misconduct as well as the specifics regarding each allegation.

9  Defendant Baker responds that the information is not relevant to Plaintiff's retaliation claim.  He

10  objects that it also violates his right to privacy.  He also asserts he has not maintained a list of all

11  allegations filed against him, and he cannot answer this interrogatory without guessing.  Lastly, he

12  contends this information is equally available to Plaintiff via the subpoena process.

13         **Interrogatory No. 3** inquires whether Baker has ever engaged in sex play with inmates during

14  his employment.  Baker responds that the term sex play is vague, ambiguous, and unintelligable, and

15  the Interrogatory itself is oppressive, overly broad, vague, ambiguous, and not relevant.

16         **Interrogatory No. 4** asks Baker to list any court proceedings in which he was a participant,

17  including specific case details.  Baker objects that the request is irrelevant, overly broad, unduly

18  burdensome, vague, ambiguous, and oppressive.  He objects that it also violates his right to privacy.

19  He also asserts he has not maintained a list of all allegations filed against him.  Lastly, he contends this

20  information is equally available to Plaintiff because it is a matter of public record.

21         Defendant Baker objected to **Interrogatories Nos. 10-14 from Set 2** because they exceed the

22  limitation imposed by Rule 33 of twenty-five interrogatories.

23         Plaintiff's Amended Complaint in this case involves a claim of retaliation, and these

24  interrogatories are directed to discovery relating to his 2005 Case.  Discovery in the 2005 Case has

25  closed, and Plaintiff may not circumvent the court's scheduling order in that case by seeking discovery

26  relevant to his earlier-filed case through the discovery process in this case.  Plaintiff has not shown how

27  this information is relevant to this case, and the court will not compel any further responses to

28  Interrogatories Nos. 2, 3, or 4.  With regard to the remaining objections, Rule 33 explicitly limits a

party to serving twenty-five interrogatories, including discrete subparts, on another party.  *See*

Fed.R.Civ.P. 33(a)(1).  Plaintiff has not sought leave of court to serve additional interrogatories.

Therefore, no further responses will be compelled to Interrogatories Nos. 10-14 from Set 2.

Accordingly,

**IT IS ORDERED:**

1.    The Non-Baker Defendants' First and Second Motions for Extension (Dkt. ##47, 48) are GRANTED.

2.    Plaintiff's Motion to Compel (Dkt. #45) is GRANTED to the extent that Defendants will be precluded from offering any testimony or introducing any evidence during pretrial motion practice or at trial concerning the subject matter of any Interrogatory that is not disclosed during discovery.  Defendants will also be precluded from providing declarations, affidavits, or testimony from recollection refreshed from a review of documents they or their counsel have access to or have received in formal or informal discovery.  The Motion to Compel (Dkt. #45) is DENIED in all other respects.

Dated this 30th day of September, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

14