# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

DANIEL J. MASTERSON,

    Plaintiff,

v.

SILVIA HUERTA-GARCIA, et al.,

    Defendants.

Case No. 2:07-CV-01307-KJD-PAL

**ORDER**

Currently before the Court is Plaintiff's Petition for Temporary Restraining Order (#58). Though Plaintiff attaches a Proof of Service (#58 at 29), no responsive pleading or opposition has been filed. For the reasons stated herein, the Court hereby denies Plaintiff's Motion.

**I. Background**

Pro se Plaintiff Daniel J. Masterson ("Masterson"), an inmate at the California State Prison in Corcoran, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was retaliated against by prison officials in violation of his First Amendment rights after filing another complaint pursuant to 42 U.S.C. § 1983, which is currently pending before the court as Case No. 2:05-cv-00192-AK. Plaintiff's immediate Motion seeks that the Court issue a Temporary Restraining Order to the Warden of the California Substance Abuse Treatment Facility and State Prison that "corrects the problem" Plaintiff has encountered while trying to send legal mail. (#58 at 3.)

Specifically, Plaintiff claims that the twenty (20) "free indigent envelopes" he is issued per month is an insufficient amount to properly serve Defendant Baker in both of his pending actions. Plaintiff attaches evidence that he has sought relief through the prison grievance process, and has been denied additional envelopes or postage.

**II. Standard of Law for Injunctive Relief**

The basis for injunctive relief in the federal courts is irreparable injury and the inadequacy of legal remedies. See Weinberger v. Romero-Barcello, 456 U.S. 305, 312 (1982). In each case, the Court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. All courts agree that the plaintiff must satisfy the general equitable requirements by showing a significant threat of irreparable injury and that the legal remedies are inadequate. See Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). The traditional test focuses on whether the plaintiff has demonstrated a fair chance of success on the merits at the minimum, a significant threat of irreparable injury, at least a minimal tip in the balance of hardships, and whether any public interest favors granting the injunction. See American Motorcycle Ass'n v. Watt, 714 F.2d 962, 965 (9th Cir. 1983). An alternative test permits the plaintiff to meet its burden by showing either a combination of probable success on the merits and the possibility of irreparable injury or serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. See First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1378 (9th Cir. 1987). These are not separate tests but the outer reaches of a single continuum. See L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1201 (9th Cir. 1980.)

Additionally, the Prison Litigation Reform Act ("PLRA") provides that injunctive relief in any civil action regarding prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." The PLRA also requires that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief. . . . ." 18 U.S.C. § 3626(a)(2).

**III. Analysis**

Plaintiff has failed to demonstrate either a likelihood of success on the merits or the exigent circumstances necessary to warrant the injunctive relief he requests. Plaintiff avers that he is able, through the prison's established "rules and regulations" for indigent inmates, to send pleadings to the

Court and the Attorney General, but that he does not have sufficient envelopes to send pleadings to Defendant Baker, because the issued twenty envelopes also must be utilized to correspond with family, elected officials, other attorneys, the Inspector General, or the Governor's office." (#58 at 2.) Here, the Court finds the relief Plaintiff seeks to be over broad. It is not the Court's prerogative to prioritize the manner in which inmates utilize their allotted envelopes. Rather, as demonstrated here, Plaintiff has sought to use his issued envelopes to file pleadings in more than one civil action, to correspond with attorneys, and to send correspondence to the Governor of California. (#58 Ex. 1 at 16–17.) Here, the docket reflects that Plaintiff has had ample opportunity to file pleadings in this action.

Additionally, the Court finds that Plaintiff's current Motion is substantively unrelated to the merits of his underlying Section 1983 action, and that Plaintiff cannot demonstrate irreparable harm in relation to his instant claim. See DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945) (injunctive relief appropriate to grant intermediate relief of the same character as which may be granted finally, but not proper when requested on matters lying wholly outside the issues in suit.)

The Court also finds that Plaintiff cannot demonstrate that the balance of hardships or public interest favor injunctive relief. The relief Plaintiff seeks here—that the Court order the Warden to make an exception for inmates wishing to file additional pleadings or send additional judicial or political mail—is overly broad and interfering. "Prison administration is . . . a task that has been committed to the responsibility of [the executive and legislative branches of government], and separation of powers concerns counsel a policy of judicial restraint." Turner v. Safley, 482 U.S. 78 (1987)(citing Procunier v. Martinez, 416 U.S. 396 (974). "Where a state penal system is involved, federal courts have, as we indicated in Martinez, additional reason to accord deference to the appropriate prison authorities. Id. Accordingly, the Court finds that Plaintiff should not be allowed to circumvent the California Department of Corrections' established "rules and regulations" for indigent inmates (see #58 at 2; Ex. 1), due to his subjective mailing priorities. Thus, the Court finds that Plaintiff's Motion for injunctive relief should be denied.

### IV. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiff's Petition for Temporary Restraining Order (#58), is **DENIED**.

DATED this 11th day of March 2011.

_____
Kent J. Dawson
United States District Judge