# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL J. MASTERSON,  |  |
|     Plaintiff, | Case No. 2:07-CV-1307-KJD-PAL (PC) |
| v. | **ORDER** |
| SILVIA HUERTA-GARCIA, *et al.*, |  |
|     Defendants. |  |

    The following Motions are pending before the Court:

    1. The Motion for Summary Judgment of Defendants, Silvia Heurta-Garcia, Rosanne Campbell, Michael D. Bunnell, Russell Robinson, S.L. Costa, G.A. Machado, Lt. Pogue, D.M. Robinson, D.J. Kowalczyk, and K. Clendenin (#68).

    2. The Motion for Summary Judgment of Defendant Jeffery L. Baker (#70).

    3. Plaintiff's Motion for an Extension of Time to File Oppositions (#72).

    4. Plaintiff's Request the Court to Review Videos *In Camera* (#73).

5. Defendant Baker's Motion for 14-Day Extension of Time (#83).

6. Plaintiff's Motion to Strike (#85).

7. Plaintiff's Motion for Extension of Time (#95).

8. Plaintiff's Motion to Clarify and for Reconsideration (#96).

9. Plaintiff's Motion to Strike Defendants' Reply (#105)

The Court has considered these motions, their oppositions, and their replies, and rules on them together herein.

I.  Background

The Plaintiff, a prisoner proceeding *pro se*, filed this civil rights action on July 2, 2007 (#4). On September 14, 2007, Plaintiff filed an amended complaint. (## 4,10).  Plaintiff Daniel Masterson is suing prison employees for violations of the First, Eighth, and Fourteenth Amendments.  Plaintiff alleged that Defendants gave him false disciplinary reports, removed him from his inmate-clerk position, confiscated his property, and transferred him from Mule Creek State Prison (MCSP) in retaliation for his complaints against staff.

Plaintiff has a separate complaint pending against some of the defendants here, titled Masterson v. Campbell, et al., Eastern District of California Case No. 2:05-cv-00192-AK (the "2005 Case").  Each allegation from the 2005 case is duplicated in this case.  The Court takes judicial notice of the pleadings filed in the 2005 case. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002).

From May 2001 to December 2005, Plaintiff was incarcerated at MCSP.  During part of this time, Plaintiff served as a clerk to Rabbi Book, a prison chaplain.  Plaintiff used Rabbi Book's letterhead to make an unauthorized to request for chapel doors to remain unlocked when no staff was present.  Plaintiff was disciplined and removed from his position as a clerk.

On November 29, 2004, a non-defendant officer searched Plaintiff's cell and discovered a notebook belonging to the state.  Plaintiff was disciplined and the notebook confiscated because it was contraband.  Defendant Campbell denied Plaintiff's second-level appeal on this matter.

On October 15, 2005, while searching Plaintiff's cell, a non-defendant officer confiscated pornography that Plaintiff had disguised with a stapled cover sheet entitled "Legal Brief." Plaintiff was disciplined.

On October 20, 2005, Defendant Clendenin of the Investigative Services Unit (ISU) received a report that Plaintiff and another inmate sought to stab Defendant Pogue because they were upset about the cell search on October 15, 2005. Based on this report Defendant Machado placed Plaintiff and the other inmate in administrative segregation. Defendant D. Robinson took inventory of Plaintiff's property and removed contraband. Defendant Pogue requested that Plaintiff be transferred because of the threat.

On November 10 and 17, 2005, the Institutional Classification Committee (ICC)—which included Defendant Robinson, Defendant Bunnell, and Defendant Huerta-Garcia—recommended Plaintiff's transfer to Salinas Valley State Prison (SVSP) because staff members had concerns about safety. Plaintiff was given notice and participated in the hearings related to his transfer and was aware that a transfer to SVSP was recommended, but did not mention that he had an enemy at SVSP.

On December 5, 2005 the transfer was approved and on December 6, 2005, Plaintiff was transferred to SVSP. Defendants Kowalczyk, D. Robinson, and Clendenin escorted Plaintiff to the vehicle that transported him to SVSP. On the way to the vehicle, Plaintiff may have told these Defendants of the presence of an enemy at SVSP, but these officers did not have the authority to override the transfer decisions of administrators.

Prior to his transfer, on November 30, 2005, Plaintiff requested that his assigned staff assistant, Defendant Costa, record the name of an enemy at SVSP in his central file. After verifying that the inmate named was actually at SVSP, Defendant Costa attempted to file a record of the enemy in Plaintiff's central file so that it could be reviewed by administrators. Defendant Costa could not locate the file. When Defendant Costa informed administrators a few days later, he discovered that Plaintiff had already been transferred. Defendant Costa immediately notified officials at SVSP and Plaintiff was placed in administrative segregation on December 9, 2005.

II. Motion for Summary Judgment

      A.  Legal Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials provided by Rule 56(e), showing there is a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

B.  Duplicate Claims

As an initial matter, the Court dismisses the duplicate claims against Baker, Campbell, R. Robinson, and Clendenin raised in the 2005 Case.   Plaintiff cannot litigate identical claims involving the same subject matter in separate actions against the same defendant. See Adams v. Dept. of Health Services, 487 F.3d 684 (9th Cir. 2007).  Since Plaintiff's administrative grievances ("602 Appeals") form the basis of his complaint, the Court dismisses all claims against Baker, Campbell, R. Robinson, and Clendenin arising out of the following:

- Appeal 04-00698 addressing Plaintiff's retaliation claim for an alternation in his work status;
- Appeal 04-01113 addressing Plaintiff's retaliation claim for a rule violation hearing held on April 22, 2004, in regard to Plaintiff's work misconduct;
- Appeal 04-01856 addressing Plaintiff's retaliation claim based on the denial of plaintiff's request to be placed on a clerical job waiting list;
- Appeal 04-02470 addressing Plaintiff's retaliation claim for a search of Plaintiff's cell that occurred on November 29, 2004;
- Appeal 04-00010 addressing Plaintiff's allegation that Defendant Baker attempted to have another inmate assault Plaintiff on December 29, 2003; and
- Appeal 05-00329 addressing Paintiff's due process claim regarding a disciplinary hearing concerning Plaintiff's unauthorized possession of a notebook belonging to the state.

Plaintiff also includes an allegation regarding a cell search on November 4, 2003. Plaintiff failed to file a 602 Appeal regarding this contention, and it is accordingly dismissed.

C.  Retaliation Claims

To establish a First Amendment retaliation claim, Plaintiff must show: (1) an adverse action against him; (2) because of; (3) his protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Prisoners alleging retaliation claims must demonstrate that: (1) prison officials retaliated against them for exercising their

1  constitutional rights; and (2) the retaliation did not advance legitimate penological interests, such as
2  the preservation of institutional order, discipline, and security. Barnett v. Centoni, 31 F.3d 813, 316
3  (9th Cir. 1994). Even if an inmate shows that the defendants' action was retaliatory, the inmate's
4  retaliation claim still fails unless he produces significant probative evidence demonstrating that the
5  retaliatory action did not advance a legitimate penological interest. Id. at 815-16. "The plaintiff bears
6  the burden of pleading and proving the absence of legitimate correctional goals for the [retaliatory]
7  conduct [at issue]." Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

8  Plaintiff claims that, as a consequence of his filing grievances and a civil suit, Defendants retaliated against him by searching his cell, confiscating his property, altering his work status, and ultimately having him transferred to another facility. Plaintiff fails to prove that these actions were violations of his constitutional rights and the facts show that there is no reasonable dispute that the actions of Defendants were undertaken for a legitimate correctional goal.

13  Undisputed evidence shows that Plaintiff abused a position of trust and misused the personal letterhead of Rabbi Book, for whom he acted as a clerk, and that this is the reason that his work status was altered. The confiscation of a notebook belonging to the state and other materials from his prison cell was justified since it was contraband. See Cal. Code Regs. Tit. 15 §§ 3000, 3006, 3152(a). The confiscation of pornography from Plaintiff's cell and attendant disciplinary action was not done by a named defendant in this action. Even if it had been, these actions clearly advance a legitimate correctional goal.

20  Plaintiff's argument that his administrative segregation and transfer were acts of retaliation and not done to advance a legitimate correctional goal is also undermined by the undisputed facts. Defendants have pointed to undisputed evidence that concerns about staff safety motivated the segregation transfer. While Plaintiff disagrees with the reasoning behind the decision to transfer him and argues that it was retaliation, he has not produced sufficient evidence to show a dispute of fact about whether the intent was retaliatory. This is insufficient to sustain his retaliation claim. See Keyser v. Sacramento City v. Unified Sch. Dist., 265 F.3d 741, 752–53 n.5 (9th Cir. 2001) ("Mere

opinions and beliefs that [the] actions were retaliatory . . . are not enough to create a genuine issue of material fact on the issue of pretext.")

Finally, Plaintiff has failed to demonstrate that the foregoing actions chilled the exercise of his First Amendment rights. Although a litigant need not demonstrate a total chilling effect of his First Amendment rights, he must show more than a "marginal chilling of his rights." Rhodes, 408 F.3d at 568. Plaintiff has filed nearly 80 post-incident 602 appeals.

Plaintiff has failed to demonstrate an issue of fact regarding his retaliation claims. Defendants have shown that the actions taken against Plaintiff were not a result of his engaging in protected conduct, that they did not chill his exercise of First Amendment Rights, and that they were all in furtherance of legitimate correctional goals. Plaintiff objects to much of the Defendants' evidence, arguing conclusorily that it violates the Court's order. Magistrate Judge Leen ordered that Defendants were "precluded from offering any testimony or introducing any evidence during Pretrial Motion practice or at Trial concerning subject matter of any interrogatory that is not disclosed during Discovery" (#64). However, Plaintiff has not shown, and it does not appear that the evidence offered by Defendants in support of their Motions is the subject of interrogatories that were not disclosed during discovery. Plaintiff's other objections to the evidence are similarly conclusory, irrelevant, and unavailing and do not constitute "specific facts" that demonstrate to the Court that "there is a genuine issue for trial." Anderson, 477 U.S. at 256. Accordingly, Plaintiff's retaliation claims are dismissed.

D. Eighth Amendment Claims

A prison official violates the Eighth Amendment when: (1) the condition of confinement objectively poses a substantial risk of serious harm (extreme deprivation); and (2) the prison official knows of the substantial risk and ignores it (deliberate indifference or criminal recklessness). Farmer v. Brennan, 511 U.S. 825, 834-37 (1994); Hudson v. McMillian, 503 U.S. 1, 9 (1992). A prisoner can maintain a failure-to-protect claim under the Eighth Amendment only if he meets three requirements: (1) objectively, the deprivation is sufficiently serious result in the

denial of "the minimal civilized measure of life's necessities"; (2) subjectively, the prison official is deliberately indifferent to inmate safety; and (3) defendant's actions caused him some injury. Brennan, at 511 U.S. 834-35. "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions of confinement claim. Hudson, 503 U.S. at 9.

Plaintiff claims that Defendants violated his Eighth Amendment rights by transferring him to SVSP while aware that it contained a known enemy. Plaintiff was never attacked or harmed as a result of this transfer. Any claim by Plaintiff for emotional or mental harm as a result of this transfer is precluded by 42 U.S.C. § 1997e(e) which expressly requires a prior showing of physical injury. Additionally, it is undisputed that Plaintiff was placed in administrative segregation for his protection after fewer than three days at SVSP. Three days incarceration in the same population as an enemy is an insufficient basis for a claim under the Eighth Amendment because it does not constitute an extreme deprivation.

It is also undisputed that Plaintiff never raised this issue during two hearings related to his transfer to SVSP. Instead, Plaintiff informed Defendant Costa of the presence of an enemy at the prison a few days before his transfer. Defendant Costa was in the process of designating the enemy in Plaintiff's central file when the transfer took place. Upon learning that the transfer had taken place, the counselor immediately notified SVSP by telephone and fax. This does not rise to the level of deliberate indifference or criminal negligence required to sustain an Eighth Amendment violation.

Plaintiff also claims to have notified the officers responsible for escorting him to the vehicle that would take him to SVSP of the presence of an enemy at SVSP. Plaintiff has filed a motion urging that the Court view video evidence to establish this fact (#73). It is not necessary for the Court to view the video evidence. Even if the Court accepts this fact as true, there is no dispute that the officers escorting Plaintiff to the vehicle for his transfer were not responsible for the transfer and lacked authority to override the decisions of prison administrators. Their actions did not rise to the level of deliberate indifference to a known risk.

Plaintiff has failed to establish an extreme deprivation and Defendants have shown that the actions that form the basis of Plaintiff's complaint did not objectively pose a substantial risk of serious harm and were not undertaken with deliberate or criminal recklessness. Accordingly, Plaintiff's Eighth Amendment claims are dismissed.

### E. Due Process Claims

"Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

Defendants moved for summary judgment on the grounds that they were not involved in any actions that required due process. Plaintiff did not dispute Defendants' contention, but instead argued that the transfer and other acts were done in retaliation for his filing of grievances and lawsuits. Since Plaintiff's claims are for retaliation, the First Amendment "provides [the] explicit textual source of constitutional protection" for the purported incidents of retaliation. Patel, 103 F.3d at 874. Accordingly, summary judgment on the Due Process claims is granted.

### G. Conspiracy

To prove a conspiracy in violation of 42 U.S.C. § 1983, plaintiff must allege facts to establish: (1) an agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a constitutional violation. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999); Mendocino Environmental Center v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999). "Vague and conclusory allegations of official participation in civil rights violations" without more facts will not sustain a claim. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations of conspiracy insufficient to support a claim under section 1983 or 1985).

Plaintiff has failed to successfully show a dispute of facts about any of his claimed constitutional violations. He has similarly failed to allege any facts that show an agreement or meeting of the minds of any defendant to violate any of his constitutional rights. See <u>Woodrum v. Woodward County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989) (failure to show agreement and deprivation of rights fatal to conspiracy claim). Accordingly, summary judgment on Plaintiff's conspiracy claims is granted.

### H.  Qualified Immunity

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Officers can have a reasonable, but mistaken, belief about the facts or about what the law requires in a certain situation. <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001); <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049 (9th Cir. 2002).

Here, the undisputed facts show that there were no constitutional violations. The undisputed facts also show that none of the Defendants knowingly violated the law. Accordingly, Defendants are entitled to qualified immunity.

### III.  Motions for Extension of Time

The Court grants all motions for extensions of time (#72 #83 #95) *nuc pro tunc*. Plaintiff also filed a Motion to Strike Defendants' Reply (#105), arguing that it was filed six days past the filing deadline. The Court denies Plaintiff's Motion since Defendants requested leave to file in the body of their Motion (#97).

### IV.  Motion to Strike

In his Motion to Strike (#85), Plaintiff argues that evidence offered by Defendant Baker in support of his Motion for Summary Judgment should be stricken. Specifically, Plaintiff argues that testimony given by Plaintiff at his own deposition should be stricken, that the request for judicial

notice should be denied, and that Judge Leen's Order (#64) bars admission of Defendant Baker's affidavit.

It is clear from the record that the deposition was authorized.  (See #27.)  The deposition from this action was used appropriately in Defendant Baker's Motion for Summary Judgment.  Defendant's Requests for Judicial Notice were also appropriate.  Plaintiff's issue with Baker's affidavit is that it allegedly contradicts an answer given by Baker in an interrogatory and is prohibited by Judge Leen's order (#63).  The interrogatory at issue was not addressed by Judge Leen and Defendant Baker has since corrected this answer.  Further, the subject of the interrogatory is Defendant Baker's title from 1999 to present.  His title is immaterial to the decision reached by the Court.  Accordingly, the Motion to Strike is denied.

V.  Motion for Clarification

Plaintiff notified the Court of difficulties with filing documents in a document styled Motion for Clarification (#96).  This document is now moot.

VI.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Motion for Summary Judgment of Defendants, Silvia Heurta-Garcia, Rosanne Campbell, Michael D. Bunnell, Russell Robinson, S.L. Costa, G.A. Machado, Lt. Pogue, D.M. Robinson, D.J. Kowalczyk, and K. Clendenin (#68) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment of Defendant Jeffery L. Baker (#70) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Extension of Time to File Oppositions (#72) is **GRANTED** *nuc pro tunc*.

**IT IS FURTHER ORDERED** that Plaintiff's Request the Court to Review Videos *In Camera* (#73) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Baker's Motion for 14-Day Extension of Time (#83) is **GRANTED** *nuc pro tunc*.

1   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#85) is **DENIED**.

2   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (#95) is
3   **GRANTED** *nuc pro tunc*.

4   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify and for Reconsideration
5   (#96) is **DENIED** as moot.

6   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Reply is
7   **DENIED**.

8   DATED this 23rd day of September 2011.

_____
Kent J. Dawson
United States District Judge